UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

USA

    v.

NH, State of, et al.

Case No. 1:20-mc-93-JL

**REPORT AND RECOMMENDATION**

Before the court is a criminal complaint filed by Amon Re, a private citizen, seeking to institute a federal criminal prosecution for an alleged violation of 18 U.S.C. § 242, 42 U.S.C. § 1983, 18 U.S.C. § 241, 18 U.S.C. § 245(c), 18 U.S.C. § 1347, and 18 U.S.C. § 1031. The matter is before the court on preliminary review to determine whether it may proceed. See LR 4.3(d).

"Generally, a private citizen has no authority to initiate a federal criminal prosecution." Cok v. Costentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); see also, Keenan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (per curiam). As was stated in Higgins v. Neal, 1995 WL 216920 (10th Cir. April 12, 1995) (footnotes omitted):

> [The filing party] fails to cite any authority countering the district court's judgment that he lacked standing to commence a criminal prosecution against the prison officials sued in the instant case. To support its judgment, the district court relied on Keenan v. McGrath, 328 F.2d 610, 611 (1st Cir.1964) (per curiam) and Bass Angler Sportsman Soc'y v. United States Steel Corp., 324 F. Supp. 412, 415 (S.D. Ala.) (outlining "the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions"), aff'd, 447 F.2d 1304 (5th Cir.1971). Not only do we find these authorities persuasive, we note that courts universally endorse the principle that private citizens cannot prosecute criminal actions. See, e.g., Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. 241-242 (the criminal analogue of 42 U.S.C.1983)") (citations omitted); Connecticut Action Now, Inc. v. Roberts Plating Co., 457 F.2d 81, 86 (2d Cir. 1972) ("It is a truism,

and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); Winslow v. Romer, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Because allowing private citizens to initiate prosecutions would undermine prosecutorial discretion and the authority of federal prosecutors, we conclude that [the filing party] lacks standing to maintain this criminal action.

See also Fennick v. Kittredge, 2013 U.S. Dist. LEXIS 131911 (D. Mass. Sept. 16, 2013) ("Moreover, section 547 of title 28 states that '[e]xcept as otherwise provided by law, each United States attorney, within his district, shall [ ] prosecute all offenses against the United States.'"). For these reasons, Mr. Re lacks standing to bring a criminal complaint. Accordingly, the court recommends dismissing the complaint.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

SO ORDERED.

/s/ Andrea K. Johnstone
Andrea K. Johnstone
United States Magistrate Judge

Date: November 20, 2020
cc: Amon Re, pro se